

**U.S. Department of Justice**

Criminal Division

FILED
APR 2 2 2015
Clerk, U.S. District and
Bankruptcy Courts

*Washington, DC 20530*

April 13, 2015

Solomon L. Wisenberg, Esq.
Nelson Mullins Riley & Scarborough LLP
101 Constitution Avenue, NW, Suite 900
Washington, D.C., 20001
202.545.2922

15 cr 050 - 01 (GK)

Re: **United States v. Johnny Gutierrez**

Dear Mr. Wisenberg:

This letter sets forth the full and complete plea offer to your client, Johnny Gutierrez (hereinafter "client"), from the Criminal Division, Fraud Section of the Department of Justice (hereinafter also referred to as the "Government" or this "office"). This plea offer will expire on March 31, 2015. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

1. **Charges and Statutory Penalties**.

Your client agrees to plead guilty to Count One of the Information, a copy of which is attached, charging him with bribery of a public official (18 U.S.C. § 201).

Your client understands that the maximum sentence that can be imposed for the violation charged in the Information is fifteen (15) years' imprisonment, a fine of not more than $250,000 and three years' of supervised release.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. Your client agrees that with respect to any resolution of uncharged potential liability that your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

1

2. **Factual Stipulations**

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

3. **Sentencing Guidelines Stipulations**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2013 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

A. **Offense Level under the Guidelines**

(i)   [U.S.S.G. § 2C1.1(a)(1)] Base Offense Level:            + 14

SPECIFIC CHARACTERISTICS:

(ii)  [U.S.S.G. § 2C1.1(b)(1)                                 + 2
      (More than one bribe)

(iii) [U.S.S.G. § 2C1.1(b)(2)]                                + 8
      (Greater than $70,000 but less than $120,000)

      TOTAL (without acceptance adjustment)                   24

B. **Acceptance of Responsibility: 3 point reduction**

In exchange for your client's guilty plea, the government agrees to recommend a two-level adjustment for acceptance of responsibility and a one-level adjustment for assisting authorities pursuant to U.S.S.G. § 3E1.1 based upon the your client's recognition and timely acceptance of personal responsibility. The government, however, will not be required to make these recommendations if any of the following occurs: (1) your client fails or refuses to make a full, accurate, and complete disclosure to the government or the probation office of the circumstances surrounding the relevant offense conduct and his financial condition; (2) your client is found to have misrepresented facts to the government prior to entering into this plea agreement; (3) your client commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making a false statement or misrepresentation to any government entity of official; or (4) your client fails to comply with any terms of this plea agreement.

### C. **Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), your client has no previous criminal arrests. In accordance with the above, your client's Criminal History Category is I.

### D. **Applicable Guidelines Range**

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment. The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence. However the defendant retains the right to argue for a variance under 18 U.S.C. § 3553(a).

### 4. **Agreement as to Sentencing Allocution**

Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) your client should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that your client's criminal history category is different from that set forth above. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, see U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

### 5. **Court Not Bound by the Plea Agreement**

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

6.     **Court Not Bound by the Non-Mandatory Sentencing Guidelines**

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

7.     **Your Client's Obligations**

Your client agrees that he shall cooperate fully with the Government by providing truthful, candid, and complete information as to all matters within his knowledge concerning his wrongful conduct as well as any wrongful conduct involving others. Your client understands that such cooperation will include:

A.     Attending all meetings at which the Government requests his presence;

B.     Providing to the Government, upon request, any document, record, or other evidence relating to matters about which the Government or any designated law enforcement agency inquires, including but not limited to a full, complete and accurate personal financial statement;

C.     Testifying truthfully at any trial, hearing, or other grand jury or court proceeding if requested to do so by the Government; and

D.     Bringing to the attention of the Government all crimes which he has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness.

8.     **Substantial Assistance Motion**

Your client understands that the Government will not file a motion requesting a downward departure for substantial assistance.

9.     **Restitution**

In addition to the other penalties provided by law, the parties agree that the Court may also order that your client make restitution of $78,900 to the Export Import Bank under 18 U.S.C. § 3663. Restitution, if so ordered, is payable immediately unless ordered otherwise by the Court.

10     **Appeal Waiver**

Your client is aware that Title 18, United States Code, Section 3742 affords the him the right to appeal the sentence imposed in this case. Your client is aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge. Acknowledging this, in exchange for the undertakings made by the Government in this plea agreement, the your client hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, or to collaterally attack the conviction, any sentence imposed, or the manner in which sentence was imposed, including any restitution order, pursuant to Title 28, United States Code, Sections 2241, 2254, 2255 or any other applicable provision, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or variance from the Guideline range that the Court establishes at sentencing provided, however, that, consistent with principles of professional responsibility imposed on the Defendant's counsel and counsel for the Government, the your client does not waive the right to challenge the sentence to the extent that it is the result of a violation of the Defendant's Constitutional rights based on claims of ineffective assistance of counsel or prosecutorial misconduct of Constitutional dimension. Your client further understands that nothing in this plea agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the government appeals the defendant's sentence pursuant to Section 3742(b), your client shall be released from the above waiver of appellate rights. By signing this plea agreement, your client acknowledges that he has discussed the appeal and collateral attack waiver set forth in this plea agreement with you, his defense attorney. Your client further agrees, together with the government, to request that the Court enter a specific finding that his waiver of the right to appeal the sentence to be imposed in this case was knowing and voluntary.

11.    **Forfeiture**

Your client agrees to the forfeiture of $78,900 of criminal proceeds (bribes) obtained by him through the bribery scheme which is mandatory under Title 18, U.S.C. §3554, and to identify all assets over which your client exercises or exercised control, directly or indirectly, since 2006, or in which your client has or had during that time any financial interest. Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of your client's tax returns for the previous five years. Your client agrees to forfeit to the United States all of your client's interests in any asset of a value of more than $1,000 that, since 2006, your client owned, or in which your client maintained an interest, the ownership of which your client fails to disclose to the Government in accordance with this Plea Agreement.

Your client further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Your client agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging

instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client acknowledges that your client understands that the forfeiture of assets is part of the sentence that must be imposed in this case and your client waives any failure by the Court to advise your client of this, pursuant to Rule 11(b)(1)(J), at the time your client's guilty plea is accepted.

Your client further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Your client acknowledges that all property covered by this Plea Agreement is subject to forfeiture as substitute assets for property otherwise subject to forfeiture.

12.  **Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by your client in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under

this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

13  **Waiver of Statute of Limitations**

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

14.  **Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an attorney for the Department of Justice.

Your client further understands that this Agreement is binding only upon the Fraud Section, Criminal Division of the United States Department of Justice. This Agreement does not bind the Civil Division of the United States Department of Justice or any United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

ANDREW WEISSMANN
Chief, Fraud Section
Criminal Division
United States Department of Justice

By: _____
WILLIAM H. BOWNE
Trial Attorney
PATRICK M. DONLEY
Senior Ligation Counsel
Fraud Section, Criminal Division
United States Department of Justice

Acceptances:

    I have read this plea agreement and discussed it with my attorney Solomon L. Wisenberg, Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

    I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in connection with this plea agreement and matters related to it.

Date: 4/22/15                _____
Johnny Gutierrez
Defendant

    I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 4/22/15                _____
Solomon L. Wisenberg, Esq.
Attorney for the Defendant